Filed 12/5/24  P. v. Vargas CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CARLOS JAUREGUI VARGAS,<br><br>Defendant and Appellant. | B333056<br><br>(Los Angeles County<br>Super. Ct. No. BA398337-01) |

APPEAL from an order of the Superior Court of Los Angeles County, Ronald S. Coen, II, Judge.  Reversed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and David E. Madeo, Deputy Attorneys General for Plaintiff and Respondent.

_____

Carlos Jauregui Vargas appeals the denial of his petition for resentencing under Penal Code section 1172.6. We reverse.

## BACKGROUND

In 2009, a grand jury indicted appellant Carlos Jauregui Vargas on two counts of murder, in violation of Penal Code[1] section 187, subdivision (a), and other offenses. Later, pursuant to a plea agreement, the People filed a felony complaint under a different case number charging Vargas with two counts of voluntary manslaughter and other offenses. Vargas pleaded no contest to the felony complaint, including the two counts of voluntary manslaughter. (§ 192, subd. (a).) In exchange for his plea, the indictment, which included the two murder charges, was to be dismissed. The trial court sentenced Vargas to 31 years in state prison.

In 2022, Vargas filed a petition for resentencing pursuant to section 1172.6. Counsel was appointed on his behalf. On July 21, 2023, the trial court summarily denied the petition, finding that Vargas was ineligible for resentencing as a matter of law because he was never charged with murder. The court stated: "The petitioner was charged by complaint with manslaughter. The petitioner was never charged with murder and took manslaughter as a plea bargain and he was never charged with any case that dealt with imputed malice, and he pled to the charge. . . . [P]etitioner could have never been convicted of murder or attempted murder, as he was never charged with murder or attempted murder, and he was only charged with manslaughter. It appeared the petitioner is not even eligible under the statute for relief . . . ." This appeal followed.

---

[1] Undesignated statutory references are to the Penal Code.

2

## DISCUSSION

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) amended "the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) It accomplished this by amending sections 188 and 189. (Stats. 2018, ch. 1015, §§ 2, 3; *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) Senate Bill No. 775 (2021–2022 Reg. Sess.) later extended resentencing relief to individuals convicted of attempted murder and manslaughter. (Stats. 2021, ch. 551, § 2, subd. (a).)

Senate Bill 1437 specifically applies to those defendants convicted "following a trial or [who] accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder." (§ 1172.6, subd. (a)(2).)

Senate Bill 1437 also created former section 1170.95 (now codified as section 1172.6), which set out a procedure by which defendants convicted of murder under prior law may petition for resentencing in the trial court if they believe they could not be convicted of that crime "because of changes to Sections 188 and 189." (Stats. 2018, ch. 1015, § 4, subd. (a)(3).) Petitions under section 1172.6 address convictions where a defendant was not the killer, but was held vicariously liable on one of several theories of liability identified in the statute. (*Lewis, supra*, 11 Cal.5th at pp. 957, 967.)

Once a petition is filed, after appointment of counsel and briefing, the trial court assesses whether petitioner has made a

3

prima facie case for relief.  The prima facie inquiry is limited. The court, accepting the petition's factual allegations as true, makes a " ' "preliminary assessment" ' " whether the petitioner would be entitled to relief if those allegations were proven. (*Lewis, supra*, 11 Cal.5th at p. 971.)  In assessing whether a defendant has made a prima facie case, the trial court is entitled to review the record of conviction, which includes the jury summations, jury instructions, verdict forms, and prior appellate opinions.  (*Id.* at pp. 971–972; *People v. Lopez* (2022) 78 Cal.App.5th 1, 13 (*Lopez*).)  Although appellate opinions are generally considered part of the record of conviction, the prima facie bar was intentionally set very low and the probative value of an appellate opinion is case-specific: a trial court should not engage in " 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis*, at p. 972.)

If the record establishes ineligibility for resentencing as a matter of law, the petition is properly denied at the prima facie stage.  (*Lewis, supra*, 11 Cal.5th at pp. 970–972.)  However, the petition and record must establish conclusively that the defendant is ineligible for relief.  (*Lopez, supra*, 78 Cal.App.5th at p. 14.)  If a prima facie case has been made, the trial court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the conviction at issue, recall the sentence, and resentence petitioner on any remaining counts. (§ 1172.6, subds. (c), (d)(1).)

When a trial court denies a section 1172.6 petition based on the failure to make a prima facie case for relief, our review is de novo.  (*Lopez, supra*, 78 Cal.App.5th at p. 14.)

Here all parties agree Vargas accepted a plea offer in lieu of a trial on the indictment at which he could have been convicted of

4

first degree or second degree murder.  All parties also agree Vargas made out a prima facie case of eligibility for relief and the trial court erred in dismissing his petition.  We agree as well. Because there is no evidence in the record that establishes ineligibility for relief as a matter of law, we remand the matter to the trial court with directions to issue an order to show cause and set the petition for an evidentiary hearing pursuant to section 1172.6, subdivision (d).

## DISPOSITION

The order denying Vargas's section 1172.6 resentencing petition is reversed with directions to the trial court to issue an order to show cause and hold an evidentiary hearing pursuant to section 1172.6, subdivision (d).

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

GRIMES, J.

VIRAMONTES, J.

5